# BROWN MOSKOWITZ & KALLEN
### A PROFESSIONAL CORPORATION

180 River Road • Summit, NJ 07901
(973) 376-0909 • fax: (973) 376-0903

711 Third Avenue, Suite 1803 • New York, New York 10017
(646) 487-9630

www.bmk-law.com

Steven R. Rowland                                              *E-mail*:  srowland@bmk-law.com
Partner

July 9, 2015

**VIA ECF ONLY**

Hon. Peter G. Sheridan, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 4E
Trenton, New Jersey 08608

      Re:    **Oak Knoll Village Condominium Owners' Association, Inc. v. Chris Ann
               Jaye, Civil Action No. 5303-15 (PGS-TJB)**

Dear Judge Sheridan:

        This firm represents plaintiff Oak Knoll Village Condominium Owners' Association, Inc.

("Association") in the above matter, and is in receipt of a petition filed by unit owner defendant,

Chris Ann Jaye ("Jaye") purporting to remove the Association's state law collection action to the

district court.   Please accept this letter in lieu of a more formal brief in support of the

Association's motion to remand pursuant to 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 12(b)(1).

        By the same token, the Association notes that the Court has the obligation to sua sponte

to determine whether subject-matter jurisdiction exists. M3 Midstream LLC v. South Jersey Port

Corp., 1 F. Supp.3d 289, 301 (D.N.J. 2014); see also Henderson v. Shinseki, 131 S. Ct. 1197,

1202 (2011) (federal courts "have an independent obligation to ensure that they do not exceed

Hon. Peter G. Sheridan, U.S.D.J.
July 9, 2015
Page 2

the scope of their jurisdiction, and therefore must raise and decide jurisdictional question that the

parties either overlook or elect not to press."); Packard v. Provident Nat'l Bank, 994 F.2d 1039,

1049 (3d Cir. 1993), cert. denied, 510 U.S. 946 (1993) ("It is axiomatic that federal courts are

courts of limited jurisdiction, and as such are under a continuous duty to satisfy themselves of

their jurisdiction before proceeding. …"); Fed. R. Civ. P. 12 (h)(3) (providing that "[i]f the court

determines that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## BACKGROUND TO THE PRESENT MOTION

By way of background, the Association brought a simple, straightforward, prosaic

collection action against unit owner Jaye in the Superior Court of New Jersey, Hunterdon County

Law Division, Special Civil Part.  The Complaint – which is attached at Exhibit A the removal

petition – is a single count, state law action against Jaye on account of her failure to pay her 2015

condominium assessments.  Counsel is unaware of any basis whatsoever which would have

permitted the case to have been originally filed in federal court and, moreover, the Complaint is

bereft of any reliance on federal law.   No federal question is set forth in the Complaint for a very

simple reason:  the "real" nature of the Association's claim plainly and palpably is state law –

not federal law.

By way of additional background, the Association holds two state court judgments

against Jaye for her unpaid 2011-2012 assessments, – $14,529.92, as well as her unpaid 2013-

2014 assessments, $15,372.00.  Jaye has failed to comply with post-judgment discovery in the

2011-2012 action, and sanctions of $100.00 per week are accruing as a result of an order Judge

Ciccone entered in the 2011-2012 case.

Hon. Peter G. Sheridan, U.S.D.J.
July 9, 2015
Page 3

By the same token, in the R. 4:5-1 Certification of the Complaint, the Association also noted that Jaye has sued not only Judge Ciccone, Jaye v. Superior Court Judge Yolanda Ciccone, but also filed a federal civil rights suit against Judge Jacobson, Judge McManimon, Judge Ciccone and Judge Buchsbaum, Chris Ann Jaye v. Attorney General Hoffman et al., Civil Action No. 14-7471 (PGS/TJB) (U.S. Dist. Ct., D.N.J.).  It is the Association's understanding that Jaye's federal civil rights action remains pending before Your Honor, notwithstanding Judge Pisano's February 10, 2015 determination that there was no federal jurisdiction pursuant to the Rooker-Feldman doctrine, given that the essential nature of Jaye's claim was in reality an appeal of the state court determinations.

The Association further understands that Jaye has filed numerous submissions with the Court subsequent to Judge Pisano's finding of no jurisdiction, and has continued to attack the integrity of every judicial officer who has adjudicated her liability in the prior state court collection actions, and similarly attacked the integrity of state court personnel and others. Numerous persons were unjustly sued, including the Deputy Attorney General who defended Judge Ciccone and other random victims.  A more outrageous abuse of process would be difficult to imagine, but at least those sued had the benefit of state provided counsel – and did not have to bear the monetary costs of hiring counsel to defend baseless claims that represent and an all too transparent abuse of legal process to punish others who Jaye deems to be enemies.

The Court can take judicial notice of the various submissions by Jaye in the civil rights action, Chris Ann Jaye v. Attorney General Hoffmann, Civil Action No. 14-7471 (PGS/TJB), pending before it.  Fed. R. Evid. 201.  Those submissions demonstrate the vexatious nature of

Hon. Peter G. Sheridan, U.S.D.J.
July 9, 2015
Page 4

Jaye's litigation methodology, and her willingness, indeed eagerness, to protract what ought to be simple proceedings.

In addition, counsel notes that subsequent to the Appellate Division's affirmance of the judgment arising from Jaye's 2011/2012 arrearages, see **Exhibit A** attached hereto – Jaye filed a petition for certification with the New Jersey Supreme Court. While her petition for certification was pending, Jaye then filed a motion with the Supreme Court seeking disciplinary action against nine attorneys who she holds responsible for the 2011/2012 and 2013/2014 judgments. See **Exhibit B** attached hereto.

There appears to be no limits to the means that Jaye will employ to avoid her condominium assessments. If an attorney opposes Jaye, the attorney not only will be sued, but Jaye will seek to have the attorney disbarred.

Needless to say, by employing Rambo litigation tactics, Jaye has imposed substantial attorneys' fees and costs on the Association's other unit owners. In particular, last year the Association was forced to make a special assessment of over $100,000.00 due entirely to Jaye's various litigations. See **Exhibit C** attached hereto.

## ARGUMENT

### POINT I

### THE CASE MUST BE REMANDED

Review of the Association's Complaint shows that Jaye's petition for removal is palpably improper, and demonstrates that this court lacks subject matter jurisdiction. In particular, a defendant may remove to federal court an action that a plaintiff originally filed in state court if the federal court also had jurisdiction at the time of filing. See 28 U.S.C. § 1441(c). Whether

Hon. Peter G. Sheridan, U.S.D.J.
July 9, 2015
Page 5

removal is proper is governed by the "well-pleaded complaint" rule.  If a federal question appears on the face of the plaintiff's complaint, the defendant may remove the case to federal court.  If, however, the defendant merely has a federal law defense, defendant may not remove the case, although the defendant may assert the federal defense in state court.  See Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-12 (1983); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 159 (1908).  "[O]nly state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Kline v. Security Guards, Inc., 386 F.3d 246, 252 (3d Cir. 2004). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is required.  Id.

Jaye argues that somehow the Association's collection action is really a federal claim in disguise, but cites no authority whatsoever for the baseless claim that the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 has somehow federalized the law of collection practice.  The FDCPA merely requires that the debtor be notified "of this right to information under federal law.  The notice … cannot reasonably be construed as invoking a federally-created cause of action or as raising an 'actually disputed and substantial' federal issue." Chase Mortgage Corp. v. Smith, 507 F.3d 910, 915 (6th Cir. 2007) (affirming the award of attorneys' fees for improper removal, 28 U.S.C. § 1447(c), based on the assertion that plaintiff violated the FDCPA).

Moreover, "[i]t is not enough that a federal question is or may be raised as a defense. [T]he controversy must be disclosed upon the fact of the complaint, unaided by the answer or by

Hon. Peter G. Sheridan, U.S.D.J.
July 9, 2015
Page 6

the petition for removal." <u>United States Express Lines, Ltd v. Higgins</u>, 283 F.3d 383, 389 (3d Cir. 2002) (quoting <u>Merrell Dow Pharm., Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986)).

Further, removal on the basis of the federal law counterclaim that Jaye states she intends to assert pursuant to the FDCPA is also improper. Rather, it is well-settled that a federal law counterclaim does not constitute grounds for removal under the removal statute. <u>See Holmes Group, Inc. v. Vornado Air Circulation System, Inc.</u> 535 U.S. 826, 831 (2002) (holding that the presence of a federal question in a counterclaim is not a proper basis for removal).

Accordingly, given that the Association's action presents a simple collection action that could never have been brought in federal court, this case must be remanded to the Superior Court of New Jersey.

## POINT II

### ATTORNEY FEES AND COSTS SHOULD BE AWARDED

In addition, the Court should exercise its discretion to impose attorneys' fees and costs upon Jaye pursuant to 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1447(c), the Court may award just costs and any actual expenses including attorney' fees incurred as a result of a removal that is remanded to state court. An award under § 1447(c) may be made "where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). Federal courts have awarded "costs and expenses where the complaint clearly does not state a claim removable to federal court or where minimal research would have revealed the impropriety of removal." <u>Newton v. Tavani</u> 962 F. Supp. 45, 48 (D.N.J. 1997); <u>see</u> <u>also</u> <u>Chase Manhattan Mort.</u>

Hon. Peter G. Sheridan, U.S.D.J.
July 9, 2015
Page 7

<u>Corp. v. Smith</u>, 507 F.3d at 913-15 (holding that removal based on FDCPA counterclaim is objectively unreasonable, affirming award of attorneys' fees under 28 U.S.C. § 1447(c)).

As the Association has shown above, Jaye is the epitome of an unreasonable, vexatious litigant. Jaye's actions have caused real and substantial financial harm to her neighbors – the Association's other unit owners. The Association has further shown that Jaye's petition for removal is objectively unreasonable.

If there ever was a case where attorneys' fees and costs should be shifted, this is it. Absent fee shifting – which 28 U.S.C. § 1447(c) plainly provides for in the circumstances of this case – Jaye will have further damaged her neighbors. Such a result would be unconscionable.

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff Oak Knoll Village Condominium Owners' Association, Inc. respectfully requests that the case be remanded to the Superior Court of New Jersey, and that Jaye – not the Association's innocent members – bear the costs of her objectively, unreasonable removal petition.

Respectfully submitted,

BROWN MOSKOWITZ & KALLEN, P.C.
Attorneys for Plaintiff,
Oak Knoll Village Condominium Owners'
Association, Inc.


By: /s/   Steven R. Rowland
    STEVEN R. ROWLAND

SRR/dlh

cc:    Chris Ann Jaye (via e-mail and UPS overnight)