**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OAK KNOLL VILLAGE CONDOMINIUM OWNERS' ASSOCIATION, <br><br> Plaintiff <br> vs. <br><br> CHRIS ANN JAYE, <br><br> Defendant. | Civil Action No. 15-cv-5303 (PGS)(TJB) <br><br> MEMORANDUM OPINION |

**SHERIDAN, District Judge.**

### INTRODUCTION

This matter comes before the Court on a Motion to Remand and for additional relief under 28 U.S.C. § 1447(c) (ECF No. 3) filed by Plaintiff, Oak Knoll Village Condominium Owners' Association. The motion was filed in response to the removal by Defendant, Chris Ann Jaye, of a collection action filed in the Superior Court of New Jersey, Law Division, Special Civil Part, Hunterdon County, on the basis of a proposed counterclaim against Plaintiff under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Although oral argument was originally scheduled on the motion, after reviewing the papers submitted by the Plaintiff, in concert with the Notice of Removal filed by the Defendant, and the lack of opposition by the Defendant, the Court has determined that the issues presented in the motion are "straightforward and clearly presented in the parties' written submissions." *Wadhwa v. Nicholson*, 367 Fed. App'x 322, 326 (3d Cir. 2010). Therefore, the Court concludes that the Motion is ripe for determination without oral argument. Fed. R. Civ. P. 78(b) ("By rule or order,

the court may provide for submitting and determining motions on briefs, without oral hearings.").

## FACTS AND PROCEDURAL HISTORY

The parties involved in this matter have a contentious history with one another, and there are several lawsuits pending before the courts in New Jersey between the Plaintiff and the Defendant, some of which are on appeal. Important to the resolution of this matter is the procedural posture of the most recently filed Complaint. Plaintiff, which is a New Jersey non-profit corporation organized under the New Jersey Condominium Act, N.J.S.A. 46:8B-1, *et seq.*, sued Defendant in the Superior Court of New Jersey, Law Division, Special Civil Part, Hunterdon County, for failure to pay condominium fees in the amount of $3,675.00 for 2015. The Complaint was filed in state court on June 8, 2015. The Defendant removed the case to this Court by filing a Notice of Removal on July 7, 2015. In that Notice of Removal, Defendant stated that the basis of the removal was federal question jurisdiction, premised on a counterclaim she proposed to file against Plaintiff under the FDCPA, and to address "other matters." (See Notice of Removal, ECF No. 1, at 4). The remainder of the Notice of Removal does not address any federal law, although several state laws are mentioned throughout the Notice. Plaintiff then filed the instant motion, on July 9, 2015, to remand the matter to state court for lack of subject matter jurisdiction, and for fees and costs associated with the filing of the motion for remand. Defendant has not opposed the motion for remand, and the time for that opposition passed without a request for extension or response of any kind from the Defendant.

## LEGAL DISCUSSION

### A. Remand for Lack of Subject Matter Jurisdiction

The first portion of Plaintiff's motion deals with remand of this matter to state court. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district

2

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). That is, a defendant may remove an action to federal court pursuant to § 1441(a) if the plaintiff could have filed it here in the first instance. After removal, a party may move to remand the action back to state court. 28 U.S.C. §1447(c). The removing party bears the burden of establishing the court's jurisdiction. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). If the Court lacks subject matter jurisdiction, then it must either remand the case back to the state court or dismiss the case. 28 U.S.C. §1447(c); Fed.R.Civ.P. 12(h)(3).

Here, Plaintiff has moved to remand because the sole basis for federal question jurisdiction is the proposed counterclaim to be filed by Defendant. It is well-settled that a federal question appearing in a counterclaim is insufficient to establish federal question jurisdiction before this Court. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830-32 (2002). A review of the face of the Complaint shows no basis for federal question or diversity jurisdiction. Therefore, removal of the Complaint to this Court was improper, and the matter is remanded to state court.

**B. Attorney's Fees and Costs Under 28 U.S.C. § 1447(c)**

Plaintiff has also requested attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), which states, in relevant part: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," and only where such an award would be "just." *Martin v.*

3

*Franklin Capital Corp.*, 546 U.S. 132, 138, 141 (2005). The decision of whether to award attorney's fees is a matter within the sound discretion of the trial court. *Id.* at 139.

Here, it is clear that Ms. Jaye's removal of her state court collection action to federal court on the sole basis of her proposed counterclaim was improper. However, Ms. Jaye is acting *pro se*, and the court generally grants *pro se* litigants more latitude than it would an attorney admitted to practice before this court. *See Ferreri v. Fox, Rothschild, O'Brien & Frankel*, 690 F. Supp. 400, 406 (E.D. Pa. 1988); *Blume v. Leake*, 618 F. Supp. 95, 97 (D. Idaho 1985) *Farrell v. United States Tax Court*, 647 F. Supp. 944, 946 (D. Kan. 1985); *Talley v. SEPTA*, 1988 U.S. Dist. LEXIS 292, *9 (E.D. Pa. Jan. 16, 1988). Therefore, Plaintiff's request for fees under 28 U.S.C. § 1447(c) is denied.

## CONCLUSION

Defendant removed this matter to this Court from the Superior Court of New Jersey on the basis of a federal question raised in her prospective counterclaim against Plaintiff. Because this is a legally insufficient basis for removal, the matter is remanded to the Superior Court of New Jersey. However, Plaintiff's request for fees under 28 U.S.C. § 1447(c) is denied.

Dated: July 30, 2015

_____
PETER G. SHERIDAN, U.S.D.J.